## LOUIS COMBS v. STATE.

No. A-9572. Feb. 24. 1939.
(87 P. 2d 980.)

Potter & Potter, of Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Louis Combs, was tried and convicted in the district court of Garfield county, upon an information charging that on or about the 2d day

of March, 1938, in Garfield county, he committed the crime of burglary, in that he did break into and enter a certain store building, located at 4th and Willow street, in the city of Enid, then and there occupied by and in the possession and charge of Charles Calavis. On May 2d, 1938, the court rendered judgment in pursuance of the verdict and he was sentenced to confinement in the state penitentiary at McAlester for term of two years.

From the judgment an appeal was duly perfected by filing in this court on September 30, 1938, a petition in error with case-made attached.

On February 17, 1939, the plaintiff in error filed a motion to dismiss his appeal as follows:

"Comes now the defendant, Louis Combs, in person and by his attorney of record, Bruce B. Potter of the firm of Potter and Potter, of Blackwell, Oklahoma, and advises the Honorable Court that the defendant, Louis Combs, is now confined in the state penitentiary at McAlester, Oklahoma, satisfying a sentence imposed in the above styled case. That said case was abandoned by this defendant upon his submission to the authorities at Enid, Oklahoma, for satisfaction of said sentence and that it is the desire of the defendant and his counsel that said appeal be dismissed.

"Wherefore motion is made that said case be dismissed.

"Louis Combs,
"Defendant.

"Potter and Potter."

The Constitution and laws of this state give to every citizen convicted of crime in the courts of this state the right to appeal from any judgment rendered against him in a court of record. It is a privilege granted by the law to persons convicted of crime which they may exercise at their option.

When an appeal has been taken, unless good cause is shown to the contrary, this court has uniformly permitted the plaintiff in error to dismiss his appeal at his election. McDessey v. State, 61 Okla. Cr. 345, 68 P. 2d 113; Huber v. State, 13 Okla. Cr. 209, 163 P. 329; Hancock v. State, 57 Okla. Cr. 329, 48 P. 2d 348.

It is therefore adjudged and ordered that the appeal herein be dismissed, and the cause remanded to the district court of Garfield county.

BAREFOOT and DAVENPORT, JJ., concur.